## WESTERN UNION TELEGRAPH CO., Inc., v. TOPPING et al.

### No. 5110.

Circuit Court of Appeals, Third Circuit.

Sept. 15, 1933.

Edwards, Smith & Dawson, of Jersey City, N. J. (Edwin F. Smith, of Jersey City, N. J., and Francis R. Stark, of New York City, of counsel), for appellant.

Jacob W. Silverman, of Newark, N. J., for appellees.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

WOOLLEY, Circuit Judge.

The defendant-appellant assigns as error the court's refusal to direct a verdict in its favor.

Aside from the issues of negligence and damages, there were two questions in the case: One, the fact of the accident; the other, the time of the accident. The latter had a bearing on the former.

The testimony on the first question was in sharp conflict. One plaintiff said she sustained an injury when struck by a boy on a bicycle whom she designated a servant of the defendant because he was dressed in the olive drab uniform and was wearing the insignia of the Western Union Telegraph Company. The boy, denying the accident, said that he did not hit her. The jury settled that issue and the issue of negligence by finding in favor of the plaintiffs.

The remaining question, the time of the accident, arose on an alleged variance between the allegata and probata. It cannot be disposed of lightly because of the defense that at the time of the accident as pleaded by the plaintiffs the boy was not there. The plaintiffs' pleading, in the form of a supplemental bill of particulars, is to the effect that the accident occurred between 11:30 o'clock in the morning and noon, and their proofs indicate that it occurred between 11:15 and 11:30, and that "it happened as late as 11:30." Thus, whether there was a variance depends, when calculating the time, upon the inclusion or exclusion of the first minute of the time named in the bill of particulars and the inclusion or exclusion of the last minute of the time stated in the testimony, being in each instance 11:30 o'clock. Hence the issue turns on a matter of a minute, indeed of a second, actually of a split second for a minute does not expire until the last second has run. This in our opinion is an altogether too close calculation on which to find a fatal variance.

In applying the rule that pleadings and proof must correspond, rigid exactitude is not in all cases required. Nash v. Towne, 5 Wall. 689, 698, 18 L. Ed. 527; Standard Oil Co. v. Brown, 218 U. S. 78, 84, 30 S. Ct. 669, 54 L. Ed. 939. A "trifling variance" that has not misled a party in maintaining his case on the merits, or a variance "where the allegation and proof substantially correspond,"

should not be regarded as material or be allowed to impede the court in its effort "to give judgment according to law and the right of the cause." Allen v. Bunting, 18 N. J. Law, 299, 301; Standard Oil Co. v. Brown, 218 U. S. 78, 84, 30 S. Ct. 669, 671, 54 L. Ed. 939; Liverpool & London & Globe Ins. Co. v. Gunther, 116 U. S. 113, 6 S. Ct. 306, 29 L. Ed. 575; Baltimore & P. R. Co. v. Cumberland, 176 U. S. 232, 238, 20 S. Ct. 380, 44 L. Ed. 447. And so, evidently, thought the learned trial judge. In consequence, his ruling and his charge as to the time of the accident were not, on the facts of the case, error.

The judgment is affirmed.